

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Jacob WEISS ) <br> ) <br> Defendant. ) <br> ) | Magistrate Case No. '25 MJ635 <br><br> COMPLAINT FOR VIOLATION OF: <br><br> Title 8, U.S.C., Sec. 1324(a)(2)(B)(ii)- Bringing in Aliens for Financial Gain (Felony) and Title 18, U.S.C., Sec. 2-Aiding and Abetting. |

The undersigned complainant, being duly sworn states:

On or about February 11, 2025, within the Southern District of California, Defendant Jacob WEISS, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, N.V.F.P. and L.F.S.V., had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Adriana A. Burns, CBP Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 12th of February 2025.

HON. MICHAEL S. BERG
UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

The complainant states that N.V.F.P. and L. F S.V. are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On February 11, 2025, at approximately 8:59 P.M., Jacob WEISS (Defendant), a United States Citizen, applied for admission into the United States from Mexico via the San Ysidro, California Port of Entry vehicle primary lanes as the driver and sole visible occupant of a Hyundai Santa Fe bearing California license plates. Upon pre-primary inspection before a United States Customs and Border Protection (CBP) Anti-Terrorism Contraband Enforcement Team (A-TCET) Officer conducting roving operations, Defendant presented his United States Passport Card and said he was going to Chula Vista, California with nothing to declare from Mexico. The CBP Officer conducted a cursory inspection of the vehicle and observed a non-factory compartment under the cargo area. The officer returned to the Defendant and asked if anyone had asked him to bring anything to Mexico to which the Defendant replied that his mother asked him to bring groceries. The officer asked Defendant if anyone asked him to bring anything into the United States and Defendant replied, no. The officer asked Defendant if anyone had possession of the vehicle in the past three days and Defendant said, yes, his friend. The officer returned to the cargo area of the vehicle, removed a vinyl plastic by the hatch anchor and lifted the carpeting revealing individuals concealed inside. The CBP A-TCET Officer radioed for assistance and Defendant was placed in handcuff restraints to be escorted to the security office. The vehicle was driven to the secondary inspection lot by another officer.

In secondary, responding CBP Officers assisted in removing two individuals from the non-factory compartment. CBP Officers pried open the jack compartment and noticed a male individual inside the compartment under the third-row seat. Officers then used a 14mm socket wrench to remove two bolts that secured the third-row seat to the frame of the vehicle, which was impeding the individuals being able to exit. Officers removed the bolts and were able to push away the third-row seat revealing the two male individuals who were later identified as N.V.F.P. (MW1) and L.F.S.V. (MW2) and were determined to be citizen of Guatemala and Mexico, respectively, without legal documents to enter, pass through or remain in the United States. N.V.F.P. and L.F.S.V. were held as Material Witnesses.

At approximately 11:22 P.M., during a video recorded interview, Defendant was advised of his Miranda Rights and elected to make a statement. Defendant denied knowledge of the individuals concealed in his vehicle. Defendant stated that he borrowed the vehicle from a friend he met six months ago to run an errand for his mother, who asked him to buy milk for her. Defendant stated that when he was on his way to pick up the vehicle from his friend's house in Tijuana, he called his friend to let him know he was almost there. Defendant stated he arrived at his friend's house and left his house within five minutes. Defendant stated he was on his way to the Walmart in Chula Vista to buy groceries. At approximately 11:42 P.M. Defendant gave consent to search his phone to corroborate his story. When searching Defendant's phone, officers noticed there were no calls or messages to Defendant's friend letting him know he was on his way to pick up the vehicle. Defendant was asked why he had no phone calls to his friend, and he stated he did not know why there were no phone calls.

At approximately 12:30 A.M., officers placed a recorded call to Defendant's mother. Defendant's mother stated she did not ask Defendant to buy anything for her. Defendant's mother stated she was only aware that Defendant was traveling to the United States with a friend to look for a car to buy and then sell.

During a video-recorded interview, MW1 admitted to being a citizen of Guatemala without lawful documents to enter the United States. MW1 stated his father made the smuggling arrangements and he did not know how much money they were going to pay upon his successful entry into the United States. MW1 stated he was taken to a house and instructed to enter a small space under the trunk of a vehicle and told to be quiet and not make any noise by an unknown smuggler. MW1 stated the smuggler then sealed the cover and he heard screws being put on the cover. MW1 stated he was concealed in the compartment for approximately one hour and could not get out on his own as they were sealed in. MW1 stated he was going to Riverside, California to work.

During a video-recorded interview, MW2 admitted to being a citizen of Mexico without lawful documents to enter the United States. MW2 stated his father made the smuggling arrangements and was going to pay $500,000.00 Mexican Pesos for him to be smuggled into the United States. MW2 stated he was taken to a house and instructed to get into a compartment in a vehicle and not make any noise by unknown smugglers. MW2 stated he was in the compartment for approximately fifty minutes and could not get out on his own as they were sealed in. MW2 stated he was going to California to live with his father.